IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN LOPEZ, an individual; and JOSEPHINE LOPEZ, an individual, | ) ) ) | 1:09cv01485 LJO DLB |
| | ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF |
| Plaintiff, | ) ) | ACTION |
| vs. | ) ) | (Document 12) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

On August 19, 2009, Plaintiffs Martin Lopez and Josephine Lopez filed the instant action against Defendants Mortgage Electronic Registration Systems as Nominee, First Mortgage Corporation, Wilshire Credit Corporation, Cal-Western Reconveyance Corporation and Does 1-10. On December 2, 2009, the Court issued an order to show cause why the action should not be dismissed for Plaintiffs' failure to appear at the mandatory scheduling conference, failure to file a scheduling conference statement and failure to file proofs of service of the summons and complaint. The order directed Plaintiffs' counsel to appear in person on December 31, 2009.

The matter was heard on December 31, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiffs' counsel did not appear at the show cause hearing or otherwise communicate with this Court.

1

**DISCUSSION**

Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since August 19, 2009. To date, Plaintiffs have failed to file proofs of service of the summons and complaint. Although Defendant First Mortgage Corporation filed a motion to dismiss on December 15, 2009, there is no indication that the remaining defendants have been served. Additionally, Plaintiffs' counsel failed to appear for the December 1, 2009, scheduling conference,

2

1  failed to respond to the show cause order and failed to appear at the show cause hearing.  The third

2  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury

3  arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,

4  Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

5  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

6  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

7  satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at

8  132-33; Henderson, 779 F.2d at 1424.  The Court's December 2, 2009, order to show cause

9  expressly stated that failure to respond would result in a recommendation of dismissal of the action.

10 Thus, Plaintiffs had adequate warning that a recommendation of dismissal would result from non-

11 compliance with the Court's order.

12                              **RECOMMENDATION**

13         Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiffs' failure to

14 follow the Court's order and failure to prosecute this action.

15         These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill,

16 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule

17 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

18 California.  Within fourteen (14) days after being served with a copy, any party may serve on

19 opposing counsel and file with the court written objections to such proposed findings and

20 recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings

21 and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days

22 after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

23 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time

24 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

25 1991).

26    IT IS SO ORDERED.

27    **Dated:    December 31, 2009              /s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE
28                                                    3